UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| GOVERNOR KRISTI NOEM, in her official capacity as the Governor of South Dakota; THE STATE OF SOUTH DAKOTA, <br><br> Plaintiffs, <br> vs. <br><br> DEB HAALAND, in her official capacity as United States Secretary of the Interior; SHANNON A. ESTENOZ, in her official capacity as Principal Deputy Assistant Secretary of Interior for Fish and Wildlife and Parks; SHAWN BENGE, in his official capacity as acting Director and Deputy Director of Operations of the National Park Service; HERBERT FROST, in his official capacity as National Park Service Director of the Midwest Region, <br><br> Defendants, <br> and <br><br> CHEYENNE RIVER SIOUX TRIBE and its Tribal Historic Preservation officer STEVE VANCE, <br><br> Intervenor Defendants. | 3:21-CV-03009-RAL <br><br> **ORDER GRANTING PERMISSIVE INTERVENTION** |

Governor Kristi Noem (Noem) and the State of South Dakota (the State) sued various federal officials in their official capacities after the Department of Interior (DOI) denied a permit request to conduct a fireworks show at a July 3, 2021, celebration at Mount Rushmore. Doc. 1. Noem and the State have filed a motion for a preliminary injunction asking this Court to order the defendants to grant the State's permit request. Doc. 3.

1

On the same day that the federal officials filed their answer to the complaint, Doc. 23, the Cheyenne River Sioux Tribe (the Tribe) and its Tribal Historic Preservation Officer Steve Vance (Vance) filed a motion to intervene in the lawsuit as well as a memorandum in support thereof, Docs. 30, 31. The Tribe and Vance contend that they are entitled to intervene as a matter of right. Alternatively, they request that this Court grant permissive intervention. Noem and the State have filed a memorandum in opposition to the motion to intervene, suggesting that the Tribe and Vance file an amicus brief instead. Doc. 32. The Tribe and Vance have replied. Doc. 33. For the reasons briefly discussed herein, this Court grants permissive intervention to the Tribe and Vance.

Federal Rule of Civil Procedure 24 allows for non-parties to a suit to intervene in the proceedings. The rule provides for both intervention of right and permissive intervention. Fed. R. Civ. P. 24. A court *must* permit anyone to intervene where (1) a federal statute gives the party the right to intervene or (2) the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A court *may* permit anyone to intervene who (1) "is given a conditional right to intervene by a federal statute," or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

When ruling on a motion to intervene, this Court must accept as true all material allegations in the motion to intervene. Nat'l Parks Conservation Ass'n v. U.S. E.P.A., 759 F.3d 969, 973 (8th Cir. 2014). This Court is obligated to construe the motion in favor of the prospective intervenor. Id. As the Eighth Circuit has emphasized, "Rule 24 should be construed liberally, with all doubts resolved in favor of the proposed intervenor." Id. at 975 (cleaned up and citation omitted).

Noem and the State in their Complaint assert two claims: (1) that the DOI acted arbitrarily and capriciously contrary to the Administrative Procedure Act in denying the State a permit for its planned fireworks display; and (2) that Congress unconstitutionally delegated legislative power to the National Park Service. Doc. 1 at ¶¶ 56–72. The DOI's letter denying the permit cited, among several other things including the pandemic and environmental concerns, tribal leaders' opposition to the State's proposed fireworks display. Doc. 1 at ¶ 8. The State's Complaint, among other things, takes issue with the DOI basing the denial in part on tribal leader opposition. Doc. 1 at ¶¶ 43, 52. The State asks this Court not only to declare the DOI denial to be arbitrary and capricious, but also to issue a preliminary injunction ordering the DOI to issue the permit. From Noem's and the State's perspective, not permitting fireworks for Independence Day weekend at Mount Rushmore is, to put it bluntly, unjustified and un-American.

The Tribe and Vance emphasize the religious and cultural significance to the Lakota people of the Black Hills, where Native American peoples lived for thousands of years and which tribes negotiated to include as part of the Great Sioux Indian Reservation under the Fort Laramie Treaty of 1868. After discovery of gold in the Black Hills in 1877, however, the United States illegally abrogated the Treaty prompting the Supreme Court of the United States later to write, "[a] more ripe and rank case of dishonorable dealings will never, in all probability, be found in our history . . . ." United States v. Sioux Nations of Indians, 448 U.S. 371, 388 (1980) (cleaned up and citation omitted). The Lakota continue to regard the Black Hills as sacred, have multiple traditional cultural properties there, and conduct traditional cultural practices there.

The Tribe and Vance on one hand and Noem and the State on the other debate whether there are grounds for intervention. Once again, Noem and the State seek not just setting aside the denial of the permit, but also directing the DOI to issue the permit. The Tribe and Vance raise

grounds for resisting a fireworks display at Mount Rushmore. The DOI's denial letter and the Complaint itself address tribal leaders' concerns. In short, the Tribe and Vance appear to have a "claim or defense that shares with the main action a common question of law or fact" to justify permissive intervention.

Noem and the State argue that the Tribe and Vance lack standing to intervene. Before a court can grant a motion to intervene under Rule 24, a prospective intervenor must first establish Article III standing. Nat'l Parks Conservation Ass'n, 759 F.3d at 974. To establish Article III standing, the intervenor must show (1) injury, (2) causation, and (3) redressability. Id. First, the intervenor must allege an injury in fact, that is "an injury to a legally protected interest that is concrete, particularized, and either actual or imminent." United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 833–34 (8th Cir. 2009) (cleaned up and citation omitted). Second, the intervenor must show that the alleged injury is "fairly traceable to the defendant's conduct." Id. at 834 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Finally, the intervenor must show that a favorable decision will redress the injury. Id.

The Tribe and Vance contend that they will suffer the following three injuries if this Court grants a preliminary injunction to require the DOI to issue the requested permit: (1) imposition of a substantial burden on the Tribe's and its individual members' religious practices in violation of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. § 2000bb; (2) a violation of the Tribe's and its individual members' rights under the Free Exercise Clause of the First Amendment; and (3) violation of Section 106 of the National Historic Preservation Act (NHPA) by forcing the federal defendants to illegally bypass evaluation of historic properties in the Black Hills. Doc. 31 at 10. Accepting the material allegations of the motion to intervene as true, which at this stage this Court must do, Nat'l Parks Conservation Ass'n, 759 F.3d at 973, these contentions are sufficient

to establish standing for permissive intervention. See Lowry ex rel. Crow v. Watson Chapel Sch. Dist., 540 F.3d 752, 762 (8th Cir. 2008) ("[T]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)); South Dakota v. Ubbelohde, 330 F.3d 1014, 1024–25 (8th Cir. 2003) (finding that the proposed intervenors presented sufficient evidence of a threatened injury to give them standing).

To be clear, this case is not a dispute between the State and Lakota Tribes over the merit of fireworks at Mount Rushmore for Independence Day weekend or the ramifications of the Tribal position that all of the Black Hills are a central spiritual and cultural location. This case has just two central claims to it: (1) whether the DOI acted arbitrarily and capriciously in denying the requested permit, and the Intervenors' concerns were one factor in that denial; and (2) whether Congress unconstitutionally delegated legislative power to the National Parks Service. The Tribe and Vance have contentions sufficient to meet the standing requirement under the circumstances such that this Court allows permissive intervention. Therefore, it is

ORDERED that the Tribe and Vance's motion to intervene, Doc. 30, is granted in part to allow permissive intervention. It is further

ORDERED that the Tribe and Vance may file their proposed answer, Doc. 30-2, but need not refile their memorandum, Doc. 37, which is now in the CM/ECF record and will be considered by this Court.

DATED this 20th day of May, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE