UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| GOVERNOR KRISTI NOEM, in her official capacity as the Governor of South Dakota; THE STATE OF SOUTH DAKOTA,<br><br>      Plaintiffs,<br>vs.<br><br>DEB HAALAND, in her official capacity as United States Secretary of the Interior; SHANNON A. ESTENOZ, in her official capacity as Principal Deputy Assistant Secretary of Interior for Fish and Wildlife and Parks; SHAWN BENGE, in his official capacity as acting Director and Deputy Director of Operations of the National Park Service; HERBERT FROST, in his official capacity as National Park Service Director of the Midwest Region,<br><br>      Defendants,<br> and<br><br>CHEYENNE RIVER SIOUX TRIBE and its Tribal Historic Preservation officer STEVE VANCE,<br><br>      Intervenor Defendants. | 3:21-CV-03009-RAL<br><br>**ORDER GRANTING MOTION TO ENTER FINAL JUDGMENT** |

  Governor Kristi Noem, in her official capacity as Governor of the State of South Dakota, along with the State of South Dakota (collectively referred to as "the State") filed a lawsuit against numerous federal officials (collectively referred to as "the Federal Defendants") after the National Park Service (NPS) denied the State's request for a special use permit to conduct a fireworks event at Mount Rushmore on July 3, 2021. Doc. 1. The State sought a preliminary injunction, Doc. 3,

1

which this Court denied, Doc. 54. The State has now filed a motion requesting that this Court convert its order on the preliminary injunction into a final judgment so the State may appeal. Doc. 55.

Ordinarily, a court should not consolidate a hearing on a preliminary injunction with a trial on the merits under Fed. R. Civ. P. 65(a)(2) unless the court gives the parties clear notice of its intent to do so. Ecolab, Inc. v. Morisette, 879 F.2d 325, 327 (8th Cir. 1989) (per curiam) (citing University of Tex. v. Camenisch, 451 U.S. 390, 395 (1981)). However, the Eighth Circuit has recognized that there are situations in which "a district court may properly reach the merits in [] a case without expressly ordering consolidation under Rule 65 and without giving the parties adequate notice." Campaign for Fam. Farms v. Glickman, 200 F.3d 1180, 1187 (8th Cir. 2000). For example, it may be appropriate to do so if the evidence presented at the hearing indicates that there is no conflict of material fact and the only remaining disputes are questions of law. Morisette, 879 F.2d at 327; United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1358 (8th Cir. 1979). In Morisette, the district court dismissed the plaintiff's entire complaint in connection with its denial of the plaintiff's motion for preliminary injunction. 879 F.2d at 327. By doing so, the court had effectively consolidated a hearing on the preliminary injunction with a trial on the merits without giving either party notice of its intent to do so. Id. The Eighth Circuit found that it was proper for the district court to enter a final judgment on those claims based purely on questions of law. Id.

Here, the State asks this Court to dismiss its complaint as the court did in Morisette. Normally this Court would give proper notice to all parties that it intends to forgo a trial on the merits, either before or after beginning the hearing on a preliminary injunction. See Fed. R. Civ. P. 65(a)(2). However, the State argues that such notice is unnecessary here because this case

2

involves no disputes of material fact and presents only questions of law. Doc. 55 at ¶ 4. The State represents that the Federal Defendants apparently waive the notice requirement in Rule 65(a)(2) and would not oppose this Court converting its denial of the preliminary injunction into a grant of summary judgment in favor of the Federal Defendants. Doc. 55 at ¶ 6. The Intervenor Defendants, however, oppose the request. Doc. 55 at ¶ 7.

This Court agrees with the State that this is the sort of situation in which the notice requirement of Rule 65 may be dispensed with. The State sought through this lawsuit to have this Court compel the Federal Defendants to approve the State's request for a permit to allow a fireworks display at Mount Rushmore National Monument for Independence Day weekend in 2021. This Court on June 2, 2021, issued a lengthy Opinion and Order denying the requested preliminary injunction. Doc. 54. The State did not file anything between June 2 and Independence Day weekend to seek a final judgment or to appeal, so it would seem that issues surrounding the denial of the permit for 2021 are moot. The State now acknowledges that its claims raise only questions of law which this Court has already decided adverse to the State. There appears to be nothing left for this Court to do in this case. If any party had a right to protest entry of final judgment at this stage, it would be the State. Although the issue of whether there was an arbitrary and capricious denial of a permit now appears to be moot, the State evidently expects to seek permits in future years. At any rate, there is at least one non-moot appealable issue regarding this Court's legal conclusion that the delegation of authority to NPS is constitutional. For these reasons, this Court grants the State's motion to convert this Court's order on the preliminary injunction into an entry of final judgment. See Morisette, 879 F.2d at 327.

Therefore, it is hereby

ORDERED that the State's Motion to Enter Final Judgment, Doc. 55, is granted. It is further

ORDERED that the State's complaint will be dismissed by judgment entered separately.

DATED this 12th day of July, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| GOVERNOR KRISTI NOEM, in her official capacity as the Governor of South Dakota; THE STATE OF SOUTH DAKOTA,<br><br>      Plaintiffs,<br>vs.<br><br>DEB HAALAND, in her official capacity as United States Secretary of the Interior; SHANNON A. ESTENOZ, in her official capacity as Principal Deputy Assistant Secretary of Interior for Fish and Wildlife and Parks; SHAWN BENGE, in his official capacity as acting Director and Deputy Director of Operations of the National Park Service; HERBERT FROST, in his official capacity as National Park Service Director of the Midwest Region,<br><br>      Defendants,<br>  and<br><br>CHEYENNE RIVER SIOUX TRIBE and its Tribal Historic Preservation officer STEVE VANCE,<br><br>      Intervenor Defendants. | 3:21-CV-03009-RAL<br><br>**JUDGMENT FOR DEFENDANTS AND INTERVENOR DEFENDANTS DISMISSING CASE** |

Based on the Order Granting Motion to Enter Final Judgment as well as the Opinion and Order Denying Preliminary Injunction Motion and under Fed. R. Civ. P. 58 and 65(a)(2), it is

ORDERED, ADJUDGED, AND DECREED that judgment for Defendants and Intervenor Defendants and against Plaintiffs on all claims hereby enters.

1

DATED this 12th day of July, 2021.

                                BY THE COURT:

                                _____
                                ROBERTO A. LANGE
                                CHIEF JUDGE